IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BOSIA,<br><br>    Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | Case No. 17-cv-02701-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. No. 20 |

Before the Court is defendant Ocwen Loan Servicing, LLC's ("Ocwen Loan") "Motion to Stay Proceedings Pending Ruling by the United States Court of Appeals for the D.C. Circuit," filed June 30, 2017.[1] Plaintiff Mark Bosia ("Bosia") has filed opposition, to which Ocwen Loan has replied.[2] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[3]

## BACKGROUND

In the operative complaint, the Amended Complaint for Damages ("AC"), filed July 14, 2017, Bosia alleges that, from "September 8, 2010 through June 17, 2016," he received "at least 1,874 calls" (see AC ¶¶ 19, 23) from Ocwen Loan "via an 'automatic

---

[1] The motion initially was brought on behalf of Owen Mortgage Servicing, Inc. ("Ocwen Mortgage") as well. By order filed July 13, 2017, the Court approved plaintiff's voluntary dismissal of Ocwen Mortgage.

[2] Ocwen Loan failed to provide the Court with a chambers copy of its reply. For future reference, Ocwen Loan is reminded that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

[3] By order filed July 28, 2017, the Court took the matter under submission.

telephone dialing system' ('ATDS'), as defined by 47 U.S.C. § 227(a)(1), using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. § 227(b)(1)(A)" (see id. ¶ 23). Bosia further alleges that he "did not provide express consent" to receive such calls (see id. ¶ 25) and, "if prior express consent ever existed," he revoked such consent by answering "several" calls and "ask[ing] [Ocwen Loan] to stop calling" (see id. ¶¶ 26-27). Despite those requests, Bosia, alleges, "the calls continued without interruption." (See id. ¶ 27).

Based thereon, Bosia asserts claims for negligent and intentional violations of the Telephone Consumer Protection Act ("TCPA"), as well as a state law negligence claim.

By the instant motion, Ocwen Loan seeks a stay of the above-titled action pending the outcome of ACA Int'l v. Fed. Commc'n Comm'n, No. 15-1211 (D.C. Cir. 2015) (hereinafter, ACA International), in which the D.C. Circuit has been asked to decide whether various aspects of an order issued by the Federal Communications Commission ("F.C.C.") as to the TCPA constitute an abuse of discretion or violate callers' constitutional rights. See Am. Pet. for Review, at 3, ACA International, No. 15-1211. As relevant to the instant motion, the D.C. Circuit has been asked to review the F.C.C.'s determinations that (1) the statutory definition of an ATDS[4] "is not limited to its current configuration" but, instead, also "includes its potential functionalities," and (2) "[c]onsumers have a right to revoke consent, using any reasonable method including orally or in writing." See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Recd. 7961, 7974, 7996 (July 10, 2015).

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court

---

[4] The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator . . . and . . . to dial such numbers," see 47 U.S.C. § 227(a)(1), and sets forth the limited circumstances under which an ATDS may be used, see 47 U.S.C. § 227(b).

2

1  to control the disposition of the causes on its docket with economy of time and effort for
2  itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A
3  court may "find it is efficient for its own docket and the fairest course for the parties to
4  enter a stay of an action before it, pending resolution of independent proceedings which
5  bear upon the case," even if the "issues in such proceedings" are not "necessarily
6  controlling of the action before the court." See Leyva v. Certified Grocers of Cal., Ltd.,
7  593 F.2d 857, 863–64 (9th Cir. 1979).

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay," including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation and citation omitted).

**DISCUSSION**

The Court acknowledges that district courts in the Ninth Circuit have come to differing conclusions as to the propriety of a stay pending the D.C. Circuit's decision in ACA International. See, e.g., Clayton v. Synchrony Bank, 219 F. Supp. 3d 1006, 1010-11 (E.D. Cal. 2016) (collecting cases). For the reasons set forth below, the Court finds a stay, in this instance, is appropriate.

At the outset, the Court considers the third category of competing interests, namely, whether a stay would promote "the orderly course of justice measured in terms of the simplifying . . . of issues, proof, and questions of law." See Lockyer, 398 F.3d at 1110. In that regard, Ocwen Loan points out that, to prevail on his TCPA claim, Bosia must prove that Ocwen Loan used an ATDS to call Bosia and that Bosia successfully

3

1 revoked any prior express consent orally, both of which elements are at issue in ACA
2 International.
3 In response, Bosia first argues that the D.C. Circuit is unlikely to reverse the
4 F.C.C.'s order. Irrespective of the outcome of ACA International, however, the Court
5 finds the decision will at least provide substantial guidance on the key issues in the case.
6 Bosia next argues that ACA International would not apply retroactively to the
7 instant case. The cases on which Bosia relies, however, concern the retroactivity of
8 changes made by the F.C.C. to a rule made by the F.C.C., not a situation like that
9 presented here, where a rule made by the F.C.C. is overturned by a federal court. See,
10 e.g., Jamison v. First Credit Servs., Inc., 290 F.R.D. 92, 102 (N.D. Ill. 2013) (finding
11 "change in the FCC's rules would likely not affect [plaintiff's] claims"); Frydman v.
12 Portfolio Recovery Assoc., LC, No. 11 CV 524, 2011 WL 2560221, at *7 (N.D. Ill. June
13 28, 2011) (finding "culmination" of FCC's rulemaking process "likely will be prospectively
14 only"). Here, as Ocwen Loan points out, any ruling this Court makes "in reliance on" the
15 F.C.C. order "will be called into question if the D.C. Circuit overturns" the F.C.C. order.
16 (See Reply at 3:22-25 (quoting Errington v. Time Warner Cable Inc., No. 2:15-CV-02196
17 RSWL (DTB), 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016)).)
18 Given the above-discussed circumstances, the Court finds a stay will promote the
19 orderly course of justice.
20 The Court next considers "the possible damage which may result from the granting
21 of a stay." See id. In that regard, Bosia contends, "it is far from guaranteed that a final
22 result in ACA International is imminently forthcoming" (see Opp. at 4:23) and, in the
23 meantime, a stay would prejudice Bosia because "memories of witnesses fade over time,
24 and documents will inevitably be misplaced if the stay is granted" (see id. at 5:16-17).
25 The Court recognizes the passage of time inevitably implicates such concerns, but finds
26 the requested stay is unlikely to last more than a few months, as the appellate briefing in
27 ACA International is complete and the D.C. Circuit heard oral argument in October 2016.
28 Given the limited duration of the stay, the early stage of the instant case, and Ocwen

4

Loan's representation that it "maintains proper records and will continue to do so throughout the course of this litigation" (see Reply at 7:18-19), the Court finds any prejudice resulting to Bosia from granting the stay would be minimal.[5]

With respect to the "hardship or inequity which a party may suffer in being required to go forward" with the case, see Lockyer, 398 F.3d at 1110, the Court agrees with Ocwen Loan that, absent a stay, the parties and the Court may be required to expend, unnecessarily, their limited resources. As set forth above, the D.C. Circuit's decision will implicate at least two key issues in the instant litigation. In light thereof, the Court finds denying a stay would "force[]" the parties "to spend time and money conducting discovery on [multiple] critical issue[s] of liability without knowing what law will ultimately apply at summary judgment or at trial—a fool's errand, to say the least." See Washington, 2017 WL 111913, at *2.[6]

Lastly, as to Bosia's argument that "any stay should be limited to discovery on the ATDS issue, with the parties being permitted to conduct discovery on all other issues" (see Opp. at 11:22-24), the Court notes that Bosia's TCPA and negligence claims all arise from the same set of facts. Indeed, Bosia concedes that "each" of her causes of action is "intertwined with [Ocwen Loan's] mode and method of making the calls." (See id. at 9:27-10:1.) Under such circumstances, the Court, in the interests of judicial economy and efficiency, finds a stay of the entire action is appropriate. See, e.g.,

---

[5] To the extent Bosia points out that ACA International may be appealed to the Supreme Court, thereby lengthening the stay, the Court finds any potential harm from such occurrence can be addressed at a later stage of the proceedings, and will grant Bosia's request that any stay be only "until the D.C. Circuit rules on the pending appeal" (see Opp. at 11:20-21), after which the Court will be in a position to "reevaluate whether continuation of a stay is warranted," see Washington v. Six Continents Hotels, Inc., No. 16-cv-03719-ODW (JEMx), 2017 WL 111913, at *2 n.2 (C.D. Cal., Jan. 9, 2017).

[6] Bosia correctly notes that Ocwen Loan "must make out a clear case of hardship or inequity in being required to go forward" where there is "even a fair possibility" the stay will prejudice the opposing party. See Landis, 299 U.S. at 255. The Court finds such a "clear case" has been shown here, as denial of the stay would require both parties to conduct discovery and prepare for summary judgment without clarity as to the underlying law.

Andrews v. Ocwen Loan Servicing, LLC, No. 2:17-cv-01255-JAD-VCF, 2017 U.S. Dist. LEXIS 107711, at *3 (D. Nev. July 12, 2017) (granting stay of action where, "although there are other claims in [the] case, the TCPA claims appear to be the centerpiece of [the] litigation").

## CONCLUSION

For the reasons stated above, Ocwen Loan's motion to stay is hereby GRANTED and the instant action is hereby STAYED pending the D.C. Circuit's opinion in ACA International. No later than four weeks from the date the D.C. Circuit issues said opinion, the parties shall submit a joint report apprising the Court of the status of any appeal of ACA International, and the parties' positions as to whether a continuation of the stay is warranted.

**IT IS SO ORDERED.**

Dated: August 2, 2017

MAXINE M. CHESNEY
United States District Judge