IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BOSIA,<br><br>    Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | Case No. 17-cv-02701-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 53 |

Before the Court is defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss, filed June 15, 2018, by which Ocwen moves to dismiss plaintiff Mark Bosia's ("Bosia") First Amended Complaint ("FAC"). Bosia has filed opposition, to which Ocwen has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**

Bosia alleges that Ocwen, between September 8, 2010, and June 17, 2016, "called [Bosia] on [his] cellular telephone . . . via an 'automatic telephone dialing system'" to collect a debt "related [to] a mortgage for [Bosia's] primary residence." (See FAC ¶ 19-20.) Bosia further alleges he "did not provide express consent to [Ocwen] to receive calls on [his] cellular telephone," and "clearly revoked any type of prior express consent, if prior express consent ever existed." (See id. ¶¶ 25-26.)

Based thereon, Bosia asserts claims for both negligent and willful violations of the TCPA, as well as a claim for negligence.

By the instant motion, Ocwen moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the FAC in its entirety.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction can be based on a plaintiff's lack of Article III standing. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (2011). In analyzing a motion to dismiss for lack of standing, the Court may "require the plaintiff to supply, by amendment to the complaint . . . , further particularized allegations of fact deemed supportive of plaintiff's standing." See id.

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

2

**DISCUSSION**

As noted, Ocwen moves to dismiss the FAC in its entirety. In particular, Ocwen moves to dismiss Bosia's TCPA claims pursuant to Rule 12(b)(1), for lack of Article III standing, and Bosia's negligence claim, as well as his prayer for punitive damages thereon, pursuant to Rule 12(b)(6), for failure to state a claim. The Court addresses each asserted ground for dismissal in turn.

**A.  Article III Standing**

To establish "Article III standing," a plaintiff must have "suffered an injury in fact" that is "fairly traceable to the challenged conduct" and is "likely to be redressed by a favorable decision." See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The "injury in fact" must be both "concrete and particularized." See id. at 1548. To be "particularized," an injury "must affect the plaintiff in a personal and individual way"; to be "concrete," the "injury must be *de facto*; that is, it must actually exist." See id. (internal quotations and citations omitted). Although Article III standing requires a concrete injury, a "violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact . . . [and] a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." See id. at 1549.

Here, citing two district court decisions, Ocwen contends the FAC alleges only a "procedural violation" of the TCPA, which, according to Ocwen, does not constitute a concrete injury. (See Mot. at 10:1.) After the date on which those decisions were issued, however, the Ninth Circuit held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade privacy and disturb the solitude of their recipients," and, consequently, that a "violation of the TCPA is a concrete, *de facto* injury." See Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1043 (9th Cir. 2017). Thus, to establish Article III standing, a plaintiff who alleges he received such unsolicited contact in violation of the TCPA "need not allege any *additional* harm beyond the one Congress has identified" in passing the TCPA. See id. (emphasis in original) (internal quotation and citation omitted). Ocwen's attempt to distinguish Van Patten on the ground that Ocwen

3

1 did not make any "unsolicited" calls (see Reply at 8:27), is unavailing, as, at the pleading
2 stage, the Court must accept as true Bosia's allegations that he did not consent to the
3 calls (see FAC ¶¶ 25-26).

Accordingly, Bosia's TCPA claims are not subject to dismissal for lack of standing.

**B.     Negligence**

In support of his negligence claim, Bosia alleges Ocwen owed him a duty to "not infringe on [his] privacy rights when collecting on alleged debts." (See id. ¶ 55.) Ocwen contends Bosia's negligence claim is subject to dismissal because Ocwen did not owe Bosia a duty of care. The Court agrees.

Under California law, to state a claim for negligence, a plaintiff must adequately plead the following three elements: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." See Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 62 (Cal. Ct. App. 2013). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money"; rather, "[l]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." See Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991) (internal quotation and citation omitted). Consequently, where a plaintiff "does not allege any facts to show that [the] [d]efendant's involvement with the loan . . . or their efforts to collect on the debt exceeded the convention[al] role of a money lender," the plaintiff "fails to state a negligence claim, even though the plaintiff might sufficiently allege a TCPA violation." See Franklin v. Ocwen Loan Servicing, LLC, No. 17-CV-02702, 2017 WL 4922380, at *3 (N.D. Cal. Oct. 31, 2017) (latter two alterations in original) (internal quotation and citation omitted).

Here, Bosia has failed to allege any facts to show Ocwen was "involved in the loan" or otherwise exceeded its "conventional role" as a money lender by attempting to

1 collect on Bosia's debt, and thus has failed to allege Ocwen owed him a duty of care. See id. (dismissing negligence claim asserted against Ocwen; holding "[p]laintiff's recourse for violations of the TCPA is the statutory remedies themselves"); see also Geismar v. Ocwen Loan Servicing, LLC, No. 17-CV-02703, 2018 WL 276813, at *4 (N.D. Cal. Jan. 3, 2018) (dismissing negligence claim asserted against Ocwen; noting "[n]o California state court cases hold that aggressively and unreasonably attempting to collect on a loan involves actively participating in the loan . . . beyond the domain of the usual money lender or that such unreasonable conduct otherwise gives rise to a duty to use reasonable care").[1]

Accordingly, Bosia's negligence claim is subject to dismissal.[2]

## C. Punitive Damages

Lastly, as Bosia's prayer for punitive damages is asserted only in connection with his negligence claim, which claim is subject to dismissal, his prayer for punitive damages likewise fails. See Geismar, 2018 WL 276813, at *5 (dismissing prayer for punitive damages where such demand was made only in connection with dismissed negligence claim).

Accordingly, Bosia's prayer for punitive damages is subject to dismissal.

## CONCLUSION

For the reasons set forth above, Ocwen's motion is hereby GRANTED in part and DENIED in part as follows:

1. To the extent Ocwen seeks dismissal of Bosia's negligence claim, the motion is

---

[1] Although some federal district courts have found that an entity such as Ocwen owes consumers a duty of care when making telephone calls to collect on debts related to mortgages, see e.g., Brandt v. Ocwen Loan Servicing, LLC, No. 17-00643, 2017 WL 5878581, at *10 (E.D. Cal. Nov. 29, 2017), those cases "do not explain how the defendant's telephone collection conduct—as outrageous as it may be—involves actively participating in the financed enterprise," and "do not cite any California state court cases that held a duty arose under similar circumstances," see Geismar, 2018 WL 276813, at *4.

[2] In light of such finding, the Court does not address herein Ocwen's additional argument that Bosia's negligence claim is barred by the statute of limitations.

5

GRANTED.

    2. To the extent Ocwen seeks dismissal of Bosia's TCPA claims, the motion is DENIED.

**IT IS SO ORDERED**

Dated: July 31, 2018

MAXINE M. CHESNEY
United States District Judge